**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRIAN KEITH ALFORD, | : | Case No. 2:22-cv-01652 |
| | : | |
| Plaintiff, | : | District Judge Sarah D. Morrison |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| TOM SCHWEITZER, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFICIENCY ORDER**

Plaintiff, an inmate at the Ross Correctional Institution, has filed a *pro se* civil

rights action against various defendants employed at Madison Correctional Institution

(MaCI). (Doc. 1.)[1] However, Plaintiff has not paid the filing fee required to commence

this action.

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. §

1915(a)–(h), a prisoner seeking to bring a civil action without prepayment of fees or

security must submit an application and affidavit to proceed without prepayment of fees

*and* a certified copy of their trust fund account statement (or institutional equivalent) for

the six-month period immediately prior to the filing of the Complaint obtained from the

cashier of the prison at which the prisoner is or was confined. 28 U.S.C. § 1915(a)(2).

Plaintiff has not submitted an *in forma pauperis* application or a certified copy of

---

[1]This case was initially filed in this Court's Western Division.  On March 16, 2022, the case was transferred to this Court for all further proceedings.  (*See* Doc. 2 (containing a copy of the Transfer Order)).

Plaintiff's trust fund account statement (or institutional equivalent) as required by the PLRA.

Plaintiff is therefore **ORDERED** to pay $402 ($350 filing fee plus $52 administrative fee), or submit to the Court an *in forma pauperis* application **and** certified copy of Plaintiff's prison trust fund account statement (or institutional equivalent) for the prior six-month period **within thirty (30) days**.

If Plaintiff fails to comply with this Order, the Court shall dismiss this case for want of prosecution. *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997). If Plaintiff's case is dismissed for failure to comply with this Order, the case will not be reinstated to the Court's active docket despite the payment of the filing fee. *Id*.

Any motions for extension of time must be filed within thirty (30) days of the date of this Deficiency Order. All motions for extension of time must be accompanied by a notarized statement or declaration complying with 28 U.S.C. § 1746 setting forth the date Plaintiff placed the motion in the prison mail system and stating that first class postage was prepaid. If Plaintiff does not receive the Deficiency Order within thirty (30) days, Plaintiff's motion for extension of time must also be accompanied by a notarized statement or declaration complying with 28 U.S.C. § 1746 setting forth the date Plaintiff received this Deficiency Order.

The Clerk of Court of the United States District Court is **DIRECTED** to provide Plaintiff with an Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form.

A copy of this Deficiency Order shall be sent to the cashier of the prison at which

Plaintiff is confined.

**IT IS SO ORDERED.**

> *s/Caroline H. Gentry*
> Caroline H. Gentry
> United States Magistrate Judge