UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| BRIAN KEITH ALFORD, | : Case No. 2:22-cv-1652 |
| Plaintiff, | : |
| vs. | : District Judge Sarah D. Morrison |
| | : Magistrate Judge Caroline H. Gentry |
| TOM SCHWEITZER, *et al.*, | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

Plaintiff Brian Keith Alford, an inmate at the Ross Correctional Institution (RCI), brings this prisoner civil rights action under 42 U.S.C. §§ 1983, 1985. This matter is before the Court on plaintiff's motion to proceed *in forma pauperis*. (Doc. 4). For the reasons that follow, the undersigned recommends that plaintiff's motion be denied.

A prisoner's right to proceed *in forma pauperis* has been restricted by Congress. In accordance with section 804(d) of the Prison Litigation Reform Act (PLRA) of 1995, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Mr. Alford is prohibited by § 1915(g) from proceeding *in forma pauperis* in this case because at least three prior complaints filed by him in this Court while he has been a prisoner were dismissed with prejudice for failure to state a claim upon which relief may be granted. *See*

*Alford v. Wilkinson*, 2:97-cv-997 (dismissed October 29, 1997); *Alford v. Wilkinson*, 2:98-cv-226 (dismissed February 27, 1998); and *Alford v. Rice*, 3:10-cv-424 (dismissed January 28, 2011). The previous dismissals for failure to state a claim upon which relief may be granted prevent Mr. Alford from obtaining pauper status in the instant action.[1]

In view of his three "strikes," Mr. Alford may not proceed *in forma pauperis* unless he falls within the statutory exception set forth in 28 U.S.C. § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury." Under the plain language of the statute, plaintiff must be in imminent danger at the time that he seeks to file his suit in federal court to qualify for the exception to the "three strikes" provision of § 1915(g). *See Vandiver v. Vasbinder,* 416 F. App'x 560, 562 (6th Cir. 2011) (and cases cited therein) (holding in accordance with other circuit courts that "the plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing"); *accord Chavis v. Chappius,* 618 F.3d 162, 169 (2d Cir. 2010) (citing *Malik v. McGinnis*, 293 F.3d 559, 563 (2nd Cir. 2002)); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (per curiam); *Chase v. O'Malley*, 466 F. App'x 185, 186-87 (4th Cir. 2012) (per curiam). *See also Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007). "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar*, 239 F.3d at 315.

---

[1] *See Alford v. Mohr*, No. 1:15-cv-645 (S.D. Ohio Jan. 22, 2016) (ordering Alford to pay the full filing fee based on plaintiff's previous dismissals); *see also Alford v. Chambers-Smith*, No. 2:20-cv-3879 (S.D. Ohio Jan. 19, 2021) (same).

The Court is unable to discern from plaintiff's complaint any facts showing that he meets the statutory exception. Rather, plaintiff's complaint alleges the temporary denial of his "medical boots," two false-positive drug screens, two improper cell searches resulting in property damage, and the improper handling of his mail while at the Madison Correctional Institution, where he was housed prior to RCI. (Doc. 1). Because plaintiff has failed to allege particular facts showing any immediate or impending serious physical injury in existence at the time he commenced this action, he does not meet the exception to the "three strikes" rule set forth in 28 U.S.C. § 1915(g).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff be ordered to pay the full $402 fee ($350 filing fee plus $52 administrative fee) required to commence this action within thirty (30) days, and that plaintiff be notified that his failure to pay the full $402 fee within thirty days will result in the dismissal of his action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

**IT IS SO RECOMMENDED.**


June 9, 2022                                                                         */s/ Caroline H. Gentry*
                                                                                              CAROLINE H. GENTRY
                                                                                              United States Magistrate Judge