UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRIAN KEITH ALFORD,**

    **Plaintiff,**

  v.

**TOM SCHWEITZER,** *et al.,*

    **Defendants.**

:

:

**Case No. 2:22-cv-01652**
**Judge Sarah D. Morrison**
**Magistrate Judge Caroline H. Gentry**

## ORDER

Plaintiff Brian Keith Alford is an inmate in state custody who is proceeding without the assistance of counsel. He has been prohibited by this Court pursuant to 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* in this case because he has filed at least three prior complaints in this Court while he has been a prisoner that were dismissed with prejudice for failure to state a claim upon which relief may be granted. (*See* ECF No. 5, PageID 36–37; ECF No. 7); *see also Alford v. Wilkinson, et al.*, Case No. 2:97-cv-997 (dismissed October 29, 1997); *Alford v. Wilkinson*, Case No. 2:98-cv-226 (dismissed February 27, 1998); and *Alford v. Rice*, Case No. 3:10-cv-424 (dismissed January 28, 2011). Accordingly, on July 11, 2022, the Court ordered Mr. Alford to pay the $402 filing fee within 60 days, and warned that failure to timely pay the full fee would result in dismissal. (ECF No. 7.)

Mr. Alford moved for two extensions of time to pay the filing fee and both were granted. (ECF Nos. 6, 7, 10, 11.) Nevertheless, Mr. Alford has failed to pay.

On January 27, 2023, the Magistrate Judge issued a Report and Recommendation recommending that Mr. Alford's complaint be dismissed for lack of prosecution and for failure to comply with a Court Order. (R&R, ECF No. 12.) Mr. Alford filed a timely objection to the Report and Recommendation. (Obj., ECF No. 13.)

A litigant who is the subject of an adverse report and recommendation from a magistrate judge is entitled to *de novo* review of those portions of the report to which proper objections are made. Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

Mr. Alford argues in his objection that the Report and Recommendation denies him due process and places him in "threat of imminent danger of death or serious bodily harm due to [*sic*] nature and circumstances surrounding the complaint and issues raised therein." (Obj. PageID 74.) He elaborates that he faces this threat because of "constitutional deprivations relating to erroneous allegations of possession of drugs, suspending his telephone and JPAY privileges for 45 days, commissary restrictions, and failure to treat for life-threatening illness involving his eyes and chronic liver disease." (*Id.* PageID 75.) Mr. Alford also requests additional time to pay the filing fee or, alternatively, permission to proceed *in forma pauperis*. (*Id.*)

Mr. Alford has already received multiple extensions of time to pay the filing fee in this case, and so his latest request is **DENIED**. Given Mr. Alford's three

2

"strikes," he may only proceed *in forma pauperis* under 28 U.S.C. § 1915(g) if he is under "imminent danger of serious physical injury." The Magistrate Judge explained that under the plain language of the statute, a plaintiff must be in imminent danger at the time that he seeks to file his suit in federal court, and that she was unable to discern from Mr. Alford's complaint any facts showing that he met the statutory exception. (R&R PageID 37) (collecting cases). Thus, Mr. Alford's new purported threats listed in his objection do not change this Court's previous determination that Mr. Alford does not qualify for § 1915(g)'s exception. Even if the Court could consider the new purported threats—possession allegations, telephone and JPAY privilege suspensions, and commissary restrictions—they do not create an "imminent danger of serious physical injury." (*See* Obj. PageID 75.) Mr. Alford also discusses "life-threatening illness involving eyes and chronic liver disease" in his objection, but fails to explain how these conditions create imminent danger and does not mention them in his complaint.

    Mr. Alford's failure to prosecute his case and failure to comply with a Court Order warrant dismissal under Federal Rule of Civil Procedure 41(b). District courts have the power to dismiss civil actions *sua sponte* for lack of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). That Mr. Alford is proceeding *pro se* makes no difference here. *See Jourdan v. Jabe*, 951 F.2d 108, 109–10 (6th Cir. 1991). Indeed, the Supreme Court has held that "procedural rules in

3

ordinary civil litigation should [not] be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Accordingly, Mr. Alford's request for additional time to pay the filing fee is **DENIED** and his objection is **OVERRULED**. (ECF No. 13.) The Court **ADOPTS** and **AFFIRMS** the Report and Recommendation. (ECF No. 12.) Mr. Alford's complaint (ECF No. 1) is **DISMISSED with prejudice** for lack of prosecution and for failure to comply with a Court Order. The Clerk is **DIRECTED** to **TERMINATE** this case.

IT IS SO ORDERED.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**